UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80081-CR-HURLEY

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

PAUL LEWIS SCHUMACK,

        Defendant.

_____/

## DEFENDANT SCHUMACK'S MOTION TO CONTINUE TRIAL

      The Defendant, Paul Lewis Schumack, through undersigned Counsel request the continuance of the trial of his case. In support of his Motion to Continue Trial Defendant Schumack submits the following:

      1.    Mr. Schumack has been charged with one count of conspiracy to commit mail/wire fraud, fourteen counts of mail fraud, nine counts of wire fraud, one count of conspiracy to commit money laundering, one count of promotion of money laundering, three counts of concealment of money laundering and three counts of illegal money spending.

      2.    On July 29, 2014, Mr. Schumack filed a motion to continue the trial of this matter [DE 114]. On July 30, 2015, this Court had a calendar call. At the calendar call the Court was made aware of the massive amount of digital discovery which had yet to be made available from the government and the receiver. Counsel also made the Court aware of the

massive amount of time required to review the material and requested a May trial date. The Court instead ruled that the case would remain on the calendar from week to week with the understanding that the defendant would have sufficient time to prepare for trial and advance notice of the actual trial date in order to issue subpoenas and make the necessary arrangements for out district witnesses to be present the for trial.

3. Since that hearing, counsel for Mr. Schumack has been diligently investigating the case and preparing his defense. However, additional time is needed to competently investigate and prepare Mr. Schumack's defense. The reasons for this additional time are include but not limited to the following:

Counsel has only recently been allowed to access fourteen 500 GB hard drives containing documents and records of JCS/GEE BO which have been held by the receiver which counsel for Mr. Schumack has a good faith basis to believe are crucial to his defense.[1]

Prior to the commencement of Mr. Hipp's trial, the government provided the defense with additional digital discovery which directly relates to JCS/GEE BO.[2] The newly provided discovery also contains potential witnesses who have yet to be interviewed and

---

[1] These records, which include the thousands of email exchanged by co-defendants, other employees and professionals retained by JCS/GEE BO, directly relate to the legal and factual matters which form the basis of the charges and are crucial to Mr Schumack's defense. Accompanying this motion counsel for Mr. Schumack will file *ex-parte* and *under seal* affidavit setting forth the specific reasons why these particular records are crucial to the competent investigation and presentation of his defense.

[2] Counsel's *ex-parte* and *under seal* attached affidavit will set forth how the most recent production of discovery relates to the ordered but not yet received digital information held by the receiver.

2

references documents which have yet to be reviewed.  Unfortunately, there is not enough time between the latest government disclosures and the anticipated March 16, 2015 trial date to interview these witnesses and to acquire the documents.

## CHRONOLOGY OF THE GOVERNMENT'S PRODUCTION OF DISCOVERY

4. On May 27, 2014, the Standing Discovery Order was entered. [DE 71].  On July 29, 2014, Mr. Schumack filed a Motion to Compel Discovery. [DE 112].  On August 8, 2014, the government filed a Consolidated First Supplemental Response to the Standing Discovery Order, however it wasn't until August 13, 2014, that the defense was provided with a 500 Gigabyte of information which contained the following categories of information: over 84 folders each containing dozens of files relating to different business entities and/or documents relating to the activities of TBTI, JCS and/or GEE BO.

The next production of discovery by the government was made on September 10, 2014.  With subsequent responses which our office received on September 17, 2014, September 22, 2014; November 3, 2014; November 17, 2014; January 22, 2015; February 13, 2015; February 19, 2015, February 24-26, 2015 and February 28, 2015.  Some of these discovery responses contained several CD's of documents and records relating to this case.

## DISCLOSURE OF EXPERT WITNESS

5. On May 28, 2014, defendant filed a Notice of Request for Disclosure of Expert Witness Testimony [DE 75].  The government did not respond until January 19, 2015, when the government filed it Initial Disclosure of Expert Witness Background and Summary of

Testimony. [DE 208].

On February 27, 2015, undersigned Counsel sent an email to the government requesting additional information with regard to the expert witness. Later that day counsel was made to understand that he would receive that information as soon as it was made available to the government. As of the filing of this motion counsel has yet to receive a response to his inquiry with regard to the expert witness. Additional time is needed for counsel to retain a forensic accountant to review accuracy of the government expert's report.

6.     Attached to this motion counsel for Mr. Schumack is filing an *ex parte* and *under seal* affidavit regarding the nature and scope of undersigned counsel's investigation as well as the preparation which has been taken on his behalf. The affidavit will also include the scope and nature of the investigation yet to be completed, why it is crucial to the competent preparation and presentation of his defense and why there is insufficient time between now and the anticipated March 16, 2015, commencement of his joint trial.

7.     Although counsel for Mr. Schumack and his staff have been working diligently on his case, counsel has also had obligations to other clients in other cases. From November 2014, to the present counsel for Mr. Schumack has been working on numerous other cases including but not limited to: Trial in the matter of *United States v. Timothy Miers*, Case No. 14-20642-CR-Moore on December 8-11, 2014 (which is presently set for sentencing on **March 19, 2015**); Preparing and filing the Initial brief in the matter of *United States v. Annilet Dominguez*, Case No. 14-14583-EE on January 29, 2015 with a reply brief due on

4

**March 11, 2015.** Undersigned Counsel had sentencing hearings in the matters of *United States v. Julio Lopez*, Case No. 14-20508-Cr-Ungaro (January 9, 2015); *United States v. Noel Barrientos*, Case No.14-20338-Cr-Bloom (January 23, 2015); *United States v. Alejandra Collazo*, Case No. 14-20579-Cr-Moreno (February 5, 2015); *United States v. Bobby Holley*, Case No. 14-20487-Cr-Gayles (November 21, 2015); *United States v. Marvins Joseph*, Case No: 14-20526-Cr-Gayles (December 5, 2014); *United States v. Yosemly Mirabal*, Case No. 14-20546-Cr-Gayles (February 17, 2015); *United States v. Mercedes Morera Roche*, Case No. 13-20019-Cr-Ungaro (December 12, 2014).

Since November 2014, undersigned counsel had a prepaid holiday family vacation from December 22, 2014 through December 26, 2014; was out of the district on a teaching engagement in New York between January 12-16, 2015. Counsel for the Defendant also had out of the district training obligations for the Defender Training Branch of the Administrative Office of the U.S. Courts between January 28-30, 2015 and February 18-20, 2015.

Additionally undersigned counsel is scheduled to commence trial in the matter of *United States v. Vincent Richmond*, Case No. 14-60323-Cr-Moreno on **March 17, 2015**.

8. Mr. Schumack has also filed a Motion to Sever the trial of his case from co-defendants Mr. and Ms. Signore [DE 266] this motion has yet to be heard, a Motion to Strike Surplusage From Indictment and Motion in Limine to Exclude Use of the Term "Ponzi Scheme" and "Ponzi Payments" [DE 267] and an *ex parte* and *under seal* notice to the court. [DE 278, 279].

5

9. Assistant United States Attorneys, Stephen Carlton and Ellen Cohen oppose this motion.

10. Mr. Schumack agrees that all time from the filing of this motion to the resetting of the trial would be excludable time for speedy trial computations.

11. This motion is made in good faith and not for the purposes of unnecessary delay. Additionally, the resetting of the trial date is consistent with the ends of justice and would not interfere with the interest of the public and the Defendant's to a speedy trial.

Wherefore, Mr. Schumack requests that this Honorable Court enter an Order Continuing Trial to at the earliest, May 2015.

        Respectfully submitted,

        MICHAEL CARUSO
        FEDERAL PUBLIC DEFENDER

        By: *s/Anthony J. Natale*
        Anthony J. Natale
        Assistant Federal Public Defender
        Attorney for Defendant
        Florida Bar No. 0296627
        150 W Flagler Street, Suite 1500
        Miami, Florida 33130
        305-536-6900 - Telephone
        305-530-7120 - Facsimile
        *Anthony_natale@fd.org* - Email

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **March 4, 2015**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties via transmission of Notices of Electronic Filing generated by CM/ECF.

s/<i>Anthony J. Natale</i><br>
Anthony J. Natale