UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-80081-CR-HURLEY

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

PAUL LEWIS SCHUMACK,

        Defendant.
_____/

**DEFENDANT SCHUMACK'S RESPONSE TO**
**MOTION TO QUASH SUBPOENA DUCES TECUM [DE289]**

Defendant, Paul Schumack, by and through his counsel submits the following response to the Motion to Quash Subpoena Duces Tecum filed by attorney Scott N. Richardson. [DE 289].

**FACTS**

According to Mr. Richardson he was retained to represent Mr. Thomas Bates in connection with meetings Mr. Bates wished to have with: the receiver and his attorneys, government agents and attorneys and the attorneys for Joseph Signore, a principal of JCS Enterprise. [DE 289 para.4].

Mr. Richardson has never denied that these meetings actually did take place. To the contrary, undersigned counsel has received from sources, alleging to have been present, that these meetings actually occurred. Undersigned counsel also has a good faith belief that matters relating to the pending criminal case against Mr. Schumack and significant to Mr. Schumack's defense were discussed.

Further, Mr. Richardson provided the government and Mr. Signore's attorney with a CD containing numerous e-mails and other documents relating to Mr. Bates representation of JCS and his conduct with co-defendants and other employees of JCS/Geebo. Upon learning from the government of this production by Mr. Richardson, counsel for Mr. Schumack was provided a copy. A review of the information contained on the CD showed that numerous documents identified in e-mails as "attachments" were not contained in the material. No "privileged list" has been submitted by Mr. Richardson and request to have this information provided have been unsuccessful.

Mr. Richardson is a witness to the statements his client voluntarily made to third parties-individuals outside of the attorney-client relationship which would otherwise exist between Mr. Richardson and his client, Mr. Bates.

## ARGUMENT

A reading of Federal Rule of Evidence 502 and the cases interpreting this rule and the attorney-client privilege and work product protection do not support Mr. Richardson's Motion to Quash.

The relevant section of Federal Rule of Evidence 502, **Attorney-Client Privilege and Work Product**, states the following:

> (a) **Disclosure Made in a Federal Proceeding or to a Federal office or Agency; Scope of a Waiver**.
> When the disclosure is made in a federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work product protection, the waiver extends to all undisclosed communications or information in a federal or state proceeding only if:
> (1)    the waiver is intentional;
> (2)    the disclosed and undisclosed communications or information concerning the same subject matter; and
> (3)    they ought in fairness to be considered together.

The Motion to Quash does not deny that the waiver was intentional. The Motion to Quash does not deny that the disclosed and undisclosed communications or information is related to the same subject matter. Finally, the Motion to Quash fails to allege that it would be unfair for the disclosed and undisclosed communications or information to be considered together.[1]

The attorney-client privilege and work product protection belongs to the client and not the attorney. Mr. Richardson is a witness to voluntary, and presumably upon the advice of counsel, statements made by his client to third parties.

In *United States v. Ameida*, 341 F.3d 1318, (11th Cir. 2003) the Eleventh Circuit vacated and remanded for a new trial because the trial court erroneously denied a defendant from utilizing communications between a co-defendant and his counsel. Also see *United States v. Suarez*, 820 F.2d 1158, (11th Circuit 1987).

Under these circumstances the attorney-client privilege has been waived and the motion to quash should be denied.[2]

---

[1] On February 7, 2014, Mr. Bates sent a letter to Mr. Signore, with a copy to Mr. Signore's criminal defense attorney, explaining that upon the advice of Kevin Tynan, an attorney who counsels lawyers with ethical dilemmas, he is withdrawing from all representation and of matters involving JCS and Geebo, Inc.

[2] Because review of the documents contained on the CD has yet to be completed and compared with other evidence, counsel for Mr. Schumack is not waiving and expressly reserves the right to assert the crime fraud exception to the attorney-client privilege should it be warranted by as of yet undiscovered information.

3

WHEREFORE, the Defendant, Paul Schumack, respectfully requests that this Court deny Mr. Richardson's Motion to Quash.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By: s/Anthony J. Natale
Supervisory Assistant Federal Public Defender
Florida Bar No. 0296627
150 W Flagler Street, Suite 1500
Miami, Florida 33130
305-533-4246 - Telephone
305-530-7120 - Facsimile
anthony_natale@fd.org - Email

CERTIFICATE OF SERVICE

I HEREBY certify that on **March 16, 2015**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties via transmission of Notices of Electronic Filing generated by CM/ECF.

s/Anthony J. Natale
Anthony J. Natale