UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-80081-CR-HURLEY

UNITED STATED OF AMERICA,

  Plaintiff,

vs.

PAUL LEWIS SCHUMACK, II,

  Defendant.

_____/

**NOTICE OF FILING REGARDING THE *IN CAMERA*
REVIEW OF CLAIMED PRIVILEGED MATERIAL**

  Defendant, Paul Lewis Schumack, II ("Schumack"), submits the following Memorandum regarding the *in camera* review of the claimed privilege material filed by Mr. Richardson.

**Background**

  On July 1, 2015, shortly before the commencement of the scheduled evidentiary hearing before Magistrate Judge Hopkins, Mr. Richardson filed a Second Amended Privilege Log for the Court's *in camera* review. [DE 490].

  At the July 1, 2015 evidentiary hearing, in summary, there was uncontradicted evidence that:

  - Mr. Bates and Mr. Richardson met with the receiver, the government prosecutors and defense counsel for co-defendant Joseph Signore;

  - The subject matter discussed at each of these meetings was the same - Mr. Bates' involvement with JCS, MyGeeBo, JOLA , TBTI and Mr. Signore;

- Mr. Richardson has provided to counsel copies of his notes regarding meetings with the government prosecutors and counsel for co-defendant Signore (Schumack Ex. 3 and 4);

- Mr. Richardson has not provided counsel with notes of Mr. Bates' meeting with the receiver;

- Mr. Bates testified that the subject matter of his conversations with the receiver related to his involvement with JCS, MyGeeBo, and Mr. Signore;

- Mr. Bates testified that the subject matter of his conversations with Mr. Richardson related to the same subject matter as the conversation he had with the receiver, the government prosecutors and counsel for co-defendant Signore (his involvement with JCS, MyGeeBo, JOLA , TBTI and Mr. Signore);

- The complaint and the indictment in the case against Mr. Schumack involves the activities of JCS, MyGeeBo, JOLA , TBTI and Mr. Signore (Schumack Ex. 1 and 2 );

- Mr. James D. Sallah, the court-appointed receiver for JCS, MyGeeBo, JOLA, TBTI and other entities, has waived these business entities' attorney-client and work product privilege with Mr. Bates, their prior legal counsel.

At the conclusion of the evidentiary hearing Magistrate Judge Hopkins gave counsel the opportunity to provide him with additional information for him to consider when conducting his *in camera* review of the documents contained in the Second Amended Privilege Log filed by Mr. Richardson.

### Items Related to Contact with Government Prosecutors

According to the privilege log at least items  15, 17, 43 and 54 are related to contact with the government prosecutors.  However, it is not clear from the privilege log whether any of the other documents also related to the matters discussed with the government prosecutors.  It is Mr. Schumack's position that  if any of the items listed relate to the subject matters that have been previously disclosed then the  privilege has been waived and  the items should be provided to his counsel.

### Items Related to Contact with the Co-defendant's Attorney

It is clear from the privilege log that at lest items 9, 10, 20A and 28 are related to contact with co-defendant Signore's attorney. However, it is not clear from the privilege log whether any of the other items are also related to the matters discussed with the co-defendant's attorney. It is Mr. Schumack's position that if any of the items listed relate to the subject matters that have been previously disclosed then the privilege has been waived and the items should be provided to his counsel.

### Items Related to Contact with the Receiver

It appears from the privilege log that items 24, 25, 26, 27, 38, 39, 44, 50, 51, 52 53 are related to contact with receiver. However, it is not clear from the privilege log whether any of the other emails are also related to the matters discussed with the receiver. It is Mr. Schumack's position that if any of the items listed relate to the subject matters that have been previously disclosed then the privilege has been waived and the items should be provided to his counsel.

### Miscellaneous Items

Item 1(E-mail): T. Donaldson is an accountant who was involved in the business relationships of JCS, MyGeeBo, JOLA , TBTI and Mr. Signore. To a degree that e-mail relates to Mr. Donaldson's or Mr. Bates' relationship with JCS, MyGeeBo, JOLA, TBTI and Mr. Signore given the fact that the receiver has waived the attorney-client work product privilege for these business entities there is no basis for Mr. Bates' to claim they are privileged.

Item 2 (E-mails): Assuming that the e-mails are inextricably intertwined with Item 1, the Donaldson e-mail, they would not be covered for the same reasons set forth

above regarding Item 1

Items 3, 4, 6, 7, and 8: It is unclear whether these e-mails relate to the Donaldson e-mails, or matters relating to the government prosecutors, co-defendant counsel or the receiver. It is Mr. Schumack's position that if any of the items listed relate to the subject matters that have been previously disclosed then the privilege has been waived and the items should be provided to his counsel.

Items 19, 20, 22A, 28 , 29, 30, 45, 46, 47, 48, 49: It is unclear whether these e-mails relate to the Donaldson e-mail, or matters relating to the government prosecutors, co-defendant counsel or the receiver. It is Mr. Schumack's position that if any of the items listed relate to the subject matters that have been previously disclosed then the privilege has been waived and the items should be provided to his counsel.

The privilege log also includes items listed as "to be provided". It is Mr. Schumack's position that if any of the items listed relate to the subject matters that have been previously disclosed then the privilege has been waived and the items should be provided to his counsel.

Finally, e-mails provided in discovery reflect Mr. Bates' association with false statements made to investigating officials in Texas and other misrepresentations in an effort to cover up the fraudulent activities of JCS and co-defendant Mr. Signore by inaccurately placing the blame on TBTI and Mr. Schumack. In the event that any of the items listed in the privilege log relate to such efforts they should be provided to

counsel for Mr. Schumack under the crime fraud exception to the attorney-client and work product privileges.

        Respectfully submitted,

        MICHAEL CARUSO
        FEDERAL PUBLIC DEFENDER

        By: *s/Anthony J. Natale*
        Anthony J. Natale
        Supervisory Assistant Federal Public Defender
        Florida Bar No. 296627
        150 W Flagler Street, Suite 1500
        Miami, Florida 33130
        305-533-4246 - Telephone
        305-530-7120 - Facsimile
        anthony_natale@fd.org - Email

## CERTIFICATE OF SERVICE

I HEREBY certify that on **July 7, 2015**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ *Anthony J. Natale*
Anthony J. Natale